MILLER, Judge.
Roy D. and Jimmy Wayne Davis appeal the trial court’s refusal to enjoin the Department of Public Safety of Louisiana and State Trooper A. R. Larry from picking up their driver’s licenses and the license plates on all vehicles owned by either of them. We affirm.
Petitioners were involved in a motor vehicle accident causing damages sufficient to bring the accident within the jurisdiction of the Louisiana Motor Vehicle Safety Responsibility Law. After notice petitioners failed to comply with the Financial Responsibility Law’s requirements and also failed to seek an administrative hearing which specifically offered the opportunity to contest “the attached order of security” if it was not justified.
Petitioners allege a denial of substantive due process based on their assertion that the Louisiana Motor Vehicle Safety Responsibility Law fails to provide for an administrative hearing “appropriate to the nature of the case” at which petitioners might present evidence indicating that there is a reasonable probability that a judgment will not be rendered against them. They also allege denial of procedural due process because no such hearing was held and the only notice of the availability of a hearing was received at the same time as the notices of revocation. The lower court found no denial of due process.
LSA-R.S. 32:852, subd. A answers petitioners’ claim of denial of substantive due *542 process. It provides for hearings in the following terms:
“The commissioner shall administer and enforce the provisions of this Chapter and may make rules and regulations necessary for its administration and shall provide for hearings upon request of persons aggrieved by orders or acts of the commissioner under the provisions of this Chapter." (Emphasis added.)
Petitioners were mailed the following notice informing them of their right to request such a hearing:
“In keeping with due procedural process, should you feel the attached order of security is not justified, you are entitled to an administrative hearing wherein you may present any facts, evidence or witnesses in your behalf that may have bearing or knowledge of your involvement in this accident.
This hearing will be scheduled upon receipt of your request and will be held at the Department of Public Safety, Financial Responsibility Division, 109 South Foster Drive, Baton Rouge, Louisiana.
Failure on your part to request such a hearing will leave the Department with no alternative but to believe that no such hearing is desired and the provisions of the Louisiana Safety Responsibility Act as set forth in the attached order of security and notice of suspension shall be enforced.
This hearing must be requested in writing.” (Emphasis added.)
The claim of denial of procedural due process is without merit.
Petitioners could request and receive an administrative hearing where they could present evidence bearing upon their involvement in the accident and their prospective liability. Furthermore, revocation of their privileges could not occur until after either the completion of the hearing or a failure to request a hearing. Petitioners failed to request a hearing.
In Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971) the U. S. Supreme Court stated that
“ * * * before the State may deprive petitioner of his driver’s license and vehicle registration it must provide a forum for the determination of the question whether there is a reasonable possibility of a judgment being rendered against him as a result of the accident.” 91 S.Ct., 1586 at 1591.
Louisiana has met these requirements and petitioners’ failure to properly avail themselves of the available procedures does not affect the constitutionality of Louisiana’s law.
The trial court’s judgment is affirmed. Costs are assessed to plaintiffs-appellants.
Affirmed.